```
               UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

SHIELA LILLY-DAVIS, et al.,   )
                              )
        Plaintiffs,            )
                              )
            v.                 )   NO. 3:12-0224
                              )   Judge Sharp/Brown
HARUN RASHID,                  )   **Jury Demand**
                              )
        Defendant.             )

**TO: The Honorable Kevin H. Sharp**

### REPORT AND RECOMMENDATION

Presently pending in this case are three motions. The first (Docket Entry No. 66) is a motion by the third-party defendant Vision Realty to dismiss for failure to state a claim upon which relief can be granted. Next, is a motion (Docket Entry No. 82) by the defendant Rashid to dismiss for failure to state a claim on the grounds that the claim is barred by the Tennessee one-year statute of limitations. Finally, there is a motion for sanctions (Docket Entry No. 86) relating to discovery by Rashid in which he alleges that the plaintiffs have failed to respond to discovery and requests, among other sanctions, dismissal of the plaintiffs' case. For the reasons stated below, the Magistrate Judge **recommends** that the plaintiff's complaint be **dismissed** with prejudice for failure to prosecute by providing discovery and to obey Court orders. In view of this recommendation, the Magistrate Judge further **recommends** that the third-party complaint against the

third-party defendants be **dismissed as moot** and that all other motions be **terminated as moot**.

## Background

This case began on February 28, 2012, with a complaint by Mr. & Mrs. Davis against Harun Rashid (Docket Entry No. 1). The complaint alleged that the defendant owned a home in Clarksville, Tennessee and began renting the home to the plaintiffs in May 2005 (Docket Entry No. 1, ¶ 11). They allege that when they moved into the house, Remax was the defendant's agent for rental of the home until December 2007, at which time Vision Realty replaced Remax as the defendant's agent (Docket Entry No. 1, ¶ 12). They allege that they notified Remax of mold and water intrusion problems in the basement of the home during 2005 and requested that the defendant address such problems (Docket Entry No. 1, ¶ 14). They allege that they made numerous repairs attempting to temporarily remedy the mold and water problem (Docket Entry No. 1, ¶ 15). They allege that the defendant failed to correct the problems or to reimburse them for their expenses (Docket Entry No. 1, ¶ 16). The plaintiffs further allege that a few months after moving into the home they began to experience health problems including nausea, chronic fatigue, short term memory loss, vascular problems, breathing problems, and sinus infections (Docket Entry No. 1, ¶ 19). They further allege that after numerous doctors' evaluations Mrs. Lilly-Davis underwent surgery for chronic sinusitis and has since had

three more surgeries aimed at correcting her health problems resulting from the mold (Docket Entry No. 1 at ¶ 20). Mr. Davis underwent one surgery as a result of the mold (Docket Entry No. 1, ¶ 22). Although the plaintiffs allege that they notified the defendant about the mold as early as 2005, they did not discover until January 2012 that their ongoing health problems and surgeries were a result of harmful mold being present in the house (Docket Entry No. 1, ¶¶ 23 and 24).

An initial case management order was entered in this matter on April 25, 2012 (Docket Entry No. 8). In that order, all discovery was originally scheduled to be completed by February 28, 2013.

Next, the original defendant, Rashid, filed a third-party complaint against Deanna Lynn, John Lynn, and Vision Realty Company (Docket Entry No. 11). The third-party complaint essentially alleged that to the extent there was any harm to the plaintiffs, the Lynns and Vision Realty were liable inasmuch as they were the agents of Mr. Rashid and were responsible for handling any mold problems.

It subsequently turned out that Mr. Lynn had recently passed (Docket Entry No. 16).[1] The Magistrate Judge experienced

---

[1] Mrs. Lynn has had difficulty in dealing with this case and despite several extensions of time has not filed a response to the third-party complaint against her, despite being granted until May 22, 2013, to file some type of response or to request an extension (Docket Entry No. 80). In view of the

considerable difficulty in receiving a response from Vision Realty (Docket Entry No. 60), however, Vision Realty eventually hired an attorney who promptly filed a motion to dismiss (Docket Entry No. 66). In this motion, they argued that the plaintiffs were aware of their cause of action in 2005, when they informed the defendant Rashid and the third-party defendant Lynns of mold in their house. They therefore argue that the plaintiffs have no claim of action against the original defendant and, therefore, there can be no liability for them as third-party defendants to the original defendants and now third-party plaintiffs.

The Davises did not respond to the motion to dismiss. The third-party plaintiffs filed a response to the motion to dismiss (Docket Entry No. 78) and a memorandum of law (Docket Entry No. 79). In their memorandum, they essentially agree with the third-party defendant that the original plaintiffs' complaint fails to state a cause of action and should be dismissed. If that occurs, they agree that since the defendant third-party plaintiff Rashid would not be liable, the case against Vision and the Lynns should be dismissed with prejudice.

Despite this clear notice to the original plaintiffs that all other parties in the matter believed that their case should be dismissed because it was filed outside the statute of limitations,

---

recommendation in this case, the Magistrate Judge will not further address the issue of Mrs. Lynn as no party has filed for a default against her.

4

the plaintiffs filed no response whatsoever.

Unfortunately, discovery in this case did not proceed smoothly. The plaintiffs' original counsel, Mr. Potempa, was permitted to withdraw (Docket Entry No. 23) on July 13, 2012. In that order, Judge Sharp cautioned the plaintiffs that failure to comply with orders could result in dismissal of their action. Subsequently, Mr. Dustin P. Click filed a notice of appearance on behalf of the plaintiffs on August 30, 2012 (Docket Entry No. 37). Unfortunately, it appears that relations with the new attorney did not proceed smoothly as he filed a motion to withdraw on February 13, 2013 (Docket Entry No. 43). A telephone conference was held with the parties shortly after this motion was filed on February 4, 2013 (Docket Entry No. 44). As a result of difficulties with service of the third-party defendants and the motion to withdraw by the plaintiffs' counsel, the Magistrate Judge extended all deadlines in the matter through March 25, 2013.

On February 5, 2013, Judge Sharp denied Mr. Click's motion to withdraw as plaintiffs' counsel (Docket Entry No. 46). The Magistrate Judge continued to experience problems with Vision Realty securing the services of an attorney and filing a response (Docket Entry No. 60). Additionally, on March 19, 2013, Mr. Click filed a second motion to withdraw as attorney for the plaintiffs (Docket Entry No. 64). Shortly thereafter, Vision Realty secured counsel and promptly filed a motion to dismiss based on the statute

of limitations (Docket Entry No. 66).

On April 17, 2013, the defendant Rashid filed a motion to compel compliance with discovery directed to the plaintiffs (Docket Entry No. 73), along with a motion to lift the stay the Magistrate Judge had previously imposed (Docket Entry No. 74). In the motion to compel, Mr. Rashid's attorney set forth in some detail the attempts he had made to secure responses to his interrogatories and requests for production on August 31, 2012 (Docket Entry No. 73). In paragraph 6, they noted that plaintiffs' counsel had advised them that he had forwarded various correspondence concerning discovery to the plaintiffs but that they had not responded to him regarding the outstanding discovery. In paragraph 8, Mr. Rashid recited that plaintiffs' counsel advised that he had heard from his clients on April 9 and that he would be emailing their discovery responses that week. Mr. Rashid stated that the week had passed and the deficiencies with regard to the discovery were not cured. The motion contains various requests for production and the responses the defendant received.

The Magistrate Judge has reviewed the various deficiencies claimed in the original responses and for the most part agrees with the defendant that they are grossly inadequate. In particular, it appears that the plaintiffs did not provide medical records which would be key to both their damage claim as well as the issue of when the plaintiffs should have been on notice

6

that the mold caused their health problems.

In view of the denial of the second motion to withdraw, the Magistrate Judge lifted the stay he had previously imposed and directed the plaintiffs to respond to both the motion to compel and the motion to dismiss by May 10, 2013 (Docket Entry No. 75). The plaintiffs did not respond to either the motion to compel or the motion to dismiss. Noting the plaintiffs' failure to respond to these motions, on May 21, 2013, the Magistrate Judge granted the motion to compel and directed the plaintiffs to fully respond to the requested information on or before June 14, 2013. They were specifically warned by the Magistrate Judge that failure to fully comply with the outstanding interrogatories would result in the Magistrate Judge recommending their case be dismissed for failure to prosecute and failure to obey Court orders (Docket Entry No. 80, page 2). The Magistrate Judge also warned plaintiffs that failing to respond to the motion to dismiss could also result in it being granted by the District Court. In this order the Magistrate Judge noted that the defendant Rashid had responded to the third-party defendants' motion to dismiss but had not filed a separate motion to dismiss the plaintiffs' case. Apparently taking up the Magistrate Judge's comments, on May 23, 2013, the defendant Rashid filed his own motion to dismiss the plaintiffs' case based on the statute of limitations (Docket Entry No. 82). No response to this motion to dismiss has been filed on behalf of the plaintiffs.

7

To complete the picture, the defendant Rashid filed a motion for sanctions on June 21, 2013 for failing to complete discovery (Docket Entry No. 86). In this motion, the defendant Rashid again reiterates the difficulties he has had in securing discovery from the plaintiffs, pointing out that the Magistrate Judge had specifically warned the plaintiffs of the consequences of failing to respond. The defendant alleges that as of the date of the filing of the motion, June 24, 2013, the plaintiffs have not done anything to complete their discovery responses. In this motion, he seeks a number of sanctions, including that the plaintiffs' complaint be stricken or dismissed, and that they be ordered to pay the defendant's reasonable expenses, including attorneys' fees that have been incurred with regard to the motion.

As of the date of this report and recommendation, the plaintiff Lilly-Davises have totally failed to respond to any of these motions or apparently provide any additional discovery.

### **Legal Discussion**

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham*

8

> *Pontiac,* 173 F.3d 988 (6th Cir. 1999); *Carpenter v. City of Flint, Case No. 12-2240, 6th Cir. (Slip opinion Filed July 25, 2013).*

In this case, the plaintiffs have been warned quite specifically, as pointed out above, of the requirement to respond to discovery, and they have been specifically warned that failure to do so could result in a recommendation that their case be dismissed. Despite the requirements of the rules and warnings by both the District Judge and the Magistrate Judge of the necessity to obey Court orders, the plaintiffs have totally failed to respond to discovery requests and the Court's order that they do so and have totally failed to respond to motions to dismiss by both the original defendants and the third-party defendants.

1. From the recitation of the history of this case, the Magistrate Judge can only conclude that the plaintiff's failure to cooperate and obey Court orders is due to willfulness, bad faith, or fault. Their interrogatory answers are clearly insufficient, and they have totally failed to correct the matter despite repeated Court orders to do so.

2. In this case all of the parties are prejudiced by the plaintiffs' failure to respond to discovery. The complaint, as pointed out in both motions to dismiss, has serious issues concerning the statute of limitations. Whether one applies a one-year or a three-year statute, their complaint clearly alleges that they were aware of mold problems and began to have health problems

9

in 2005. Although the plaintiffs state in their complaint that they became aware that their medical problems were due to mold in 2012, as pointed out in the motions to dismiss, this is a legal conclusion unsupported by any factual allegations (Docket Entry No. 83). The defendant Rashid points out that a complaint's factual allegations must raise a right to relief above the speculative level and must contain facts sufficient to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, _U.S._, 129 S.Ct. 1937, 1950 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The plaintiffs' statement in paragraph 23 of the complaint (Docket Entry No. 1) that they discovered on or about January of 2012 that their ongoing health problems and numerous surgeries were the result of harmful mold being present in the house appears to the Magistrate Judge to be a pure legal conclusion not supported by facts. Of course under Rule 15 once a motion to dismiss was filed the plaintiffs could have amended their complaint within 21 days to provide additional factual allegations. They did not amend their complaint.

The defendants were absolutely entitled to take discovery to see whether the plaintiffs had any support for their claim that they only became aware that their medical problems were connected to mold in 2012. As pointed out by the defending parties, the plaintiffs have failed to respond adequately to specific discovery requests. This failure hinders the defendants

10

in filing a motion for summary judgment should the plaintiffs' complaint withstood a 12(b)(6) motion.[2]

3. As pointed out above, the plaintiffs have been specifically warned that failure to cooperate could lead to dismissal, and they were given specific deadlines to correct the deficiencies.

Finally, though the Magistrate Judge has considered less drastic remedies, in view of the substantial issues raised by the motions to dismiss under Rule 12(b)(6) and the plaintiffs' total failure to provide any information concerning this key issue or to otherwise respond to the motions to dismiss and to compel discovery, the Magistrate Judge must conclude that dismissal with prejudice is the appropriate remedy in this case. The various third-party claims in this matter are solely dependent on the original defendant Rashid's liability to the plaintiffs, and the dismissal of the plaintiffs' claims moot any claims concerning the third-parties in this matter.

Today, the Sixth Circuit published the Carptenter opinion, cautioning against punishing a client for the misconduct of his or her attorney. In the present case, while the plaintiffs' attorney could have responded to various motions, it appears that he has had

---

[2] The Magistrate Judge would note that claims for repairs were clearly obvious to the plaintiffs in 2005 and all such claims more than one year prior to the filing of their lawsuit would undoubtedly be barred by the statute of limitations.

11

great difficulty communicating with his clients and the failure to complete discovery and respond to motions is directly attributable to the clients. An attorney can only work with the facts he has. Under LR 7.01(b), failure to respond shall indicate there is no opposition to a motion.

If this report and recommendation is adopted and the defendant Rashid wishes to request specific monetary sanctions for having to file motions concerning discovery, he should be allowed 30 days to file a motion for attorneys' fees and expenses with specific amounts listed.

## **RECOMMENDATION**

For the reasons stated above, the Magistrate Judge RECOMMENDS that the plaintiffs' complaint be DISMISSED with prejudice for failure to comply with outstanding discovery requests and Court orders under Rule 16(f),37(b) and Rule 41(b) and that all other motions be TERMINATED as MOOT with the exception that the defendant Rashid be allowed 30 days to file a motion for attorneys' fees and expenses in connection with the plaintiffs' failure to comply with discovery and his necessity of filing a motion to compel and for sanctions.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said

objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 25th day of July 2013.

s/ Joe B. Brown<br>
JOE B. BROWN<br>
United States Magistrate Judge