UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHIELA LILLY-DAVIS and <br> MICHAEL DAVIS, <br>     Plaintiffs <br> v. <br> HARUN RASHID, <br>     Defendant <br> v. <br> JOHN T. LYNN, DEANNA H. LYNN, <br> and VISION REALTY, LLC, <br>     Third Party Defendants | No. 3:12-0224 <br> Judge Sharp/Brown <br> **Jury Demand** |

**TO: THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

Presently pending is the Defendant Rashid's motion for attorney's fees pursuant to Local Rule 37.01. The defendant requests attorney's fees against the plaintiffs for failure to comply with discovery and the orders of the Court concerning discovery. For the reasons stated below, the Magistrate Judge recommends that this motion be **GRANTED** and that attorney's fees and expenses be awarded in the sum of $2,980.

## BACKGROUND

The background in this case was set forth in the Magistrate Judge's report and recommendation concerning dismissal of the case (Docket Entry 88). For the sake of completeness, that background is repeated herein.

This case began on February 28, 2012, with a complaint by Mr. and Mrs. Davis against Harun Rashid (Docket Entry 1). The complaint alleged that the defendant owned a home in Clarksville, Tennessee and began renting the home to the plaintiffs in May 2005 (Docket Entry 1, ¶ 11). They allege that when they moved into the house, Remax was the defendant's agent for rental of the home until December 2007, at which time Vision Realty replaced Remax as the defendant's agent (Docket Entry 1, ¶ 12). They allege that they notified Remax of mold and water intrusion problems in the basement of the home during 2005 and requested that the defendant address such problems (Docket Entry 1, ¶ 14). They allege that they made numerous repairs attempting to temporarily remedy the mold and water problem (Docket Entry 1, ¶ 15). They allege that the defendant failed to correct the problems or to reimburse them for their expenses (Docket Entry 1, ¶ 16). The plaintiffs further allege that a few months after moving into the home they began to experience health problems including nausea, chronic fatigue, short term memory loss, vascular problems, breathing problems, and sinus infections (Docket Entry 1, ¶ 19). They further allege that after numerous doctors' evaluations Mrs. Lilly-Davis underwent surgery for chronic sinusitis and has since had three more surgeries aimed at correcting her health problems resulting from the mold (Docket Entry 1 at ¶ 20). Mr. Davis underwent one surgery as a result of the mold (Docket Entry 1, ¶ 22). Although the plaintiffs allege that they notified the defendant about the mold as early as 2005, they did not discover until January 2012 that their ongoing health problems and surgeries were a result of harmful mold being present in the house (Docket Entry 1, ¶¶ 23 and 24).

An initial case management order was entered in this matter on April 25, 2012 (Docket Entry 8). In that order, all discovery was originally scheduled to be completed by February 28, 2013.

Next, the original defendant, Rashid, filed a third-party complaint against Deanna Lynn, John Lynn, and Vision Realty Company (Docket Entry 11). The third-party complaint essentially alleged that to the extent there was any harm to the plaintiffs, the Lynns and Vision Realty were liable inasmuch as they were the agents of Mr. Rashid and were responsible for handling any mold problems.

It subsequently turned out that Mr. Lynn had recently passed (Docket Entry 16).[1] The Magistrate Judge experienced considerable difficulty in receiving a response from Vision Realty (Docket Entry 60), however, Vision Realty eventually hired an attorney who promptly filed a motion to dismiss (Docket Entry 66). In this motion, they argued that the plaintiffs were aware of their cause of action in 2005, when they informed the defendant Rashid and the third-party defendant Lynns of mold in their house. They therefore argue that the plaintiffs have no claim of action against the original defendant and, therefore, there can be no liability for them as third-party defendants to the original defendants and now third-party plaintiffs.

The Davises did not respond to the motion to dismiss. The third-party plaintiffs filed a response to the motion to dismiss

---

[1] Mrs. Lynn has had difficulty in dealing with this case and despite several extensions of time has not filed a response to the third-party complaint against her, despite being granted until May 22, 2013, to file some type of response or to request an extension (Docket Entry 80). In view of the recommendation in this case, the Magistrate Judge will not further address the issue of Mrs. Lynn as no party has filed for a default against her.

3

(Docket Entry 78) and a memorandum of law (Docket Entry 79). In their memorandum, they essentially agree with the third-party defendant that the original plaintiffs' complaint fails to state a cause of action and should be dismissed. If that occurs, they agree that since the defendant third-party plaintiff Rashid would not be liable, the case against Vision and the Lynns should be dismissed with prejudice.

Despite this clear notice to the original plaintiffs that all other parties in the matter believed that their case should be dismissed because it was filed outside the statute of limitations, the plaintiffs filed no response whatsoever.

Unfortunately, discovery in this case did not proceed smoothly. The plaintiffs' original counsel, Mr. Potempa, was permitted to withdraw (Docket Entry 23) on July 13, 2012. In that order, Judge Sharp cautioned the plaintiffs that failure to comply with orders could result in dismissal of their action. Subsequently, Mr. Dustin P. Click filed a notice of appearance on behalf of the plaintiffs on August 30, 2012 (Docket Entry 37). Unfortunately, it appears that relations with the new attorney did not proceed smoothly as he filed a motion to withdraw on February 13, 2013 (Docket Entry 43). A telephone conference was held with the parties shortly after this motion was filed on February 4, 2013 (Docket Entry 44). As a result of difficulties with service of the third-party defendants and the motion to withdraw by the plaintiffs' counsel, the Magistrate Judge extended all deadlines in the matter through March 25, 2013.

On February 5, 2013, Judge Sharp denied Mr. Click's motion to withdraw as plaintiffs' counsel (Docket Entry 46). The Magistrate Judge continued to experience problems with Vision

4

Realty securing the services of an attorney and filing a response (Docket Entry 60). Additionally, on March 19, 2013, Mr. Click filed a second motion to withdraw as attorney for the plaintiffs (Docket Entry 64). Shortly thereafter, Vision Realty secured counsel and promptly filed a motion to dismiss based on the statute of limitations (Docket Entry 66).

On April 17, 2013, the defendant Rashid filed a motion to compel compliance with discovery directed to the plaintiffs (Docket Entry 73), along with a motion to lift the stay the Magistrate Judge had previously imposed (Docket Entry 74). In the motion to compel, Mr. Rashid's attorney set forth in some detail the attempts he had made to secure responses to his interrogatories and requests for production on August 31, 2012 (Docket Entry 73). In paragraph 6, they noted that plaintiffs' counsel had advised them that he had forwarded various correspondence concerning discovery to the plaintiffs but that they had not responded to him regarding the outstanding discovery. In paragraph 8, Mr. Rashid recited that plaintiffs' counsel advised that he had heard from his clients on April 9 and that he would be emailing their discovery responses that week. Mr. Rashid stated that the week had passed and the deficiencies with regard to the discovery were not cured. The motion contains various requests for production and the responses the defendant received.

The Magistrate Judge has reviewed the various deficiencies claimed in the original responses and for the most part agrees with the defendant that they are grossly inadequate. In particular, it appears that the plaintiffs did not provide medical records which would be key to both their damage claim as well as

5

the issue of when the plaintiffs should have been on notice that the mold caused their health problems.

In view of the denial of the second motion to withdraw, the Magistrate Judge lifted the stay he had previously imposed and directed the plaintiffs to respond to both the motion to compel and the motion to dismiss by May 10, 2013 (Docket Entry 75). The plaintiffs did not respond to either the motion to compel or the motion to dismiss. Noting the plaintiffs' failure to respond to these motions, on May 21, 2013, the Magistrate Judge granted the motion to compel and directed the plaintiffs to fully respond to the requested information on or before June 14, 2013. They were specifically warned by the Magistrate Judge that failure to fully comply with the outstanding interrogatories would result in the Magistrate Judge recommending their case be dismissed for failure to prosecute and failure to obey Court orders (Docket Entry 80, page 2). The Magistrate Judge also warned plaintiffs that failing to respond to the motion to dismiss could also result in it being granted by the District Court. In this order the Magistrate Judge noted that the defendant Rashid had responded to the third-party defendants' motion to dismiss but had not filed a separate motion to dismiss the plaintiffs' case. Apparently taking up the Magistrate Judge's comments, on May 23, 2013, the defendant Rashid filed his own motion to dismiss the plaintiffs' case based on the statute of limitations (Docket Entry 82). No response to this motion to dismiss has been filed on behalf of the plaintiffs.

To complete the picture, the defendant Rashid filed a motion for sanctions on June 21, 2013 for failing to complete discovery (Docket Entry 86). In this motion, the defendant Rashid again reiterates the difficulties he has had in securing discovery

6

from the plaintiffs, pointing out that the Magistrate Judge had specifically warned the plaintiffs of the consequences of failing to respond. The defendant alleges that as of the date of the filing of the motion, June 24, 2013, the plaintiffs have not done anything to complete their discovery responses. In this motion, he seeks a number of sanctions, including that the plaintiffs' complaint be stricken or dismissed, and that they be ordered to pay the defendant's reasonable expenses, including attorneys' fees that have been incurred with regard to the motion.

As of the date of this report and recommendation, the plaintiffs Lilly-Davises have totally failed to respond to any of these motions or apparently provide any additional discovery.

## LEGAL DISCUSSION

The earlier Report and Recommendation (Docket Entry 88)recommended that the case be dismissed with prejudice for failure to prosecute and for failure to obey Court orders. The Magistrate Judge noted specifically that the plaintiff's interrogatory answers were clearly insufficient and that they had totally failed to correct the matter despite repeated Court orders to do so. The Magistrate Judge specifically recommended that in addition to dismissal that the defendant Rashid's counsel be allowed 30 days within which to file a motion for attorney's fees and expenses.

The plaintiffs failed to respond to the Report and Recommendation and it was subsequently adopted without change (Docket Entry 101). The District Judge specifically allowed the defendant Rashid 30 days in which to file a motion for attorney's

7

fees and expenses, including in connection with the plaintiffs' failure to comply with discovery (Docket Entry 101). The defendant Rashid filed the present motion for such fees within the time provided, on December 5, 2013 (Docket Entry 105). The motion was supported by memorandum of law (Docket Entry 106). In the motion defendant's counsel requested a total award of attorney's fees in the amount of $4,470 and supported the request with a detailed breakdown of the work performed by the attorney and his paralegal (Docket Entry 105-1).

The Magistrate Judge has reviewed the claim for attorney's fees and believes that the requested hourly rate for Mr. Gordon of $325 per hour, and the rate for his paralegal of $100 per hour, is reasonable, particularly since the plaintiffs have filed no response in opposition.

However, the Magistrate Judge believes that it is necessary to reduce the claim by the sum of $1,490. The Magistrate Judge does not believe it is appropriate to allow a claim for attorney's fees for the period August 4, 2013, through February 26, 2013. Up to this point, the Magistrate Judge believes that the discovery difficulties were fairly routine, and while unfortunate, not so excessive as to award sanctions. However, following the failure of the plaintiffs to rectify the deficiencies in the discovery requests by March 26, 2013, they crossed the line to unreasonableness and caused the defendant Rashid unnecessary attorney's fees and difficulties without justification.

The Magistrate Judge has therefore reduced the claim by $1,490, which is the amount claimed prior to March 26, 2013.

Despite repeated orders from the Magistrate Judge and warnings, the plaintiffs failed to respond to the discovery requests or to the Court's deadlines. They were specifically warned of the risk of noncompliance. Additionally, they have failed to respond to this motion despite again being advised that failure to respond to motions can be taken under Local Rules that the motion is unopposed.

Under these circumstances the Magistrate Judge is satisfied that, as modified, the request is reasonable.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion be granted to the extent that defendant's counsel is awarded attorney's fees and expenses in the amount of $2,980, for which judgment may execute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 30th day of April, 2014.

/s/   Joe B. Brown
JOE B. BROWN

United States Magistrate Judge